Cranch, C. J.,
delivered the opinion of the ■Court.
To this scire facias Mr. Lee has pleaded nul tiel record, upon which an issue is joined, which must be decided by the Court upon inspection of the record. If there be such a'record as that set forth in the scire facias the judgment must be for the plaintiff. But if there be a material variance between the record and the recital of it in the scire facias, the judgment must be for the defendant.
The first question is, what is the record ? The record as made up at large in the record-book is in these words: “ Whereupon Edmund J. Lee came into court and undertook for the said defendant to satisfy and pay the condemnation of the Court, if he should be cast at the trial of this suit, or render his body to prison in execution for the same.”
The scire facias states, “ Edmund J. Lee heretofore,” “ to wit, on,” &c. “ came before the Court and became pledge and bail for the said David Easton, that if it should happen that the said David Easton should be convicted at the suit of the said John Barnes in ■the action aforesaid, then the same bail granted that as well the said damages as all such costs and charges as should be adjudged to the said John Barnes in that behalf should be made of the goods and chattels of the said Edmund J. Lee, and to be levied *431 to the use of the said John Barnes, if it should happen that the said David Easton, should not pay the said damages and costs aforesaid, or should not on that account render himself to the prison of our said county.”
It is contended, by the defendant, that the undertaking, as stated in the record, is materially variant from that set forth in the scire facias, because the former does not show that the defendant “ granted that the damages and costs should be made of his goods and chattels” in ease Easton did not pay them or render himself to prison on that account. The undertaking of the defendant, as stated in the record, is only that Easton should pay or render himself to prison ; it does not include the usual alternative “ or that the bail will pay it for him,” which is the very substance and essence of the undertaking upon which e scire facias is grounded.
But it is answered, on the part of the plaintiff: 1st. That the obligation of special bail is well known and settled by law, and cannot be altered, and when the record states that he came into court and acknowledged himself to be special bail, it states in substance that he acknowledged himself to be bound by all the legal obligations of bail; and that when the record states that he undertook for Easton to pay or render himself to prison, in execution, it implies that if he did not, the bail would do it for him ;'so that the record states the substance of the whole legal obligation of special bail, and the scire facias has stated nothing more. 2d. It is also contended that the entry on the minute-book of the day, in these words, “ Edmund J. Lee, special bail,” authorized the' clerk to make up the records of the recognizance of bail in the legal form, and in no other. That the true records of the court are the minutes extended into form, according to their legal import. That if the clerk has erroneously extended the minutes in' this case, it is as if he had done nothing; and that the record may now be made up in due form, when it will exactly correspond with the scire facias. There is much ingenuity and seems to be some weight in this argument, and it brings us back to the question what is the record in this ease ?
The daily minutes, taken by the clerk and sanctioned by the Court, are only memoranda to assist the memory of the clerk in making up the records of the court. The record is the history of the proceedings in an action made out at full length and in • technical language. When the clerk has once made out this history and written it in the record-book, his power over it ceases. It has become a public document, and cannot be altered unless by order of the Court, under certain circumstances. The record therefore to which the Court is referred by the issue in this case, I take to be that which is entered at length, in the record-book,
*432 and although the Court may perhaps order a clerical error to be corrected, yet such correction now made could not affect the issue in this case, which must be decided according to the record as it stood at the time of the plea pleaded. This principle seems to be settled by the cases of Coy v. Hymas, 2 Str. 1171; King's case, 2 Ld. Raym. 1014, and Salk. 329; Hillier v. Frost, 1 Str. 401, and Gray v. Jefferson, 2 Str. 1165.
If, then, the record in the record-book is that which we are to compare with the scire facias, the question remains whether there be a substantial variance between them. That there is apparently such variance seems to be admitted ; but it is said that when a man undertakes that another shall do a thing, if this other fails to do it, there is an implied obligation on the part of the former that he will do it for him. This may perhaps be true in some cases of contract, and such implied obligation may perhaps support an action ; but it does not therefore follow that such implied obligation can arise upon a recognizance, nor that it will authorize an execution to issue without a previous judgment. A recognizance is a solemn acknowledgment upon record, and contains all the terms of the obligation which the party takes upon himself. In the present case the Court deems the omission of the usual alternative, (“ or that he will do it for him ”) to be fatal. I have a doubt whether, if the plaintiff chooses to quash his scire facias and then apply to have the record amended, I should not think it ought to be amended ; and that he might then bring a new scire facias upon the amended record. But upon this last point the Court has not made up an opinion.