the laws of the United States; that this was a case arising under those laws, for those bills were made in virtue thereof, though there was no statute describing or punishing the offense of counterfeiting them; and therefore to counterfeit them was a contempt of and misdemeanor against the United States, and punishable by them as such; and that the same offense might be punished as a common-law cheat in the state court. Judgment was fine and imprisonment and pillory, the common-law punishment; but not to pay costs, paying costs being no part of the common-law punishment.

(See seventh amendment of the federal constitution as to common law.)

## Case No. 16,324.

### UNITED STATES v. SMITH.

### SAME v. FAXON.

### [1 Cranch, C. C. 127.] [1]

Circuit Court, District of Columbia. June, 1803.

JURORS—FINES FOR DELINQUENCY—EXCUSES.

If a juror be fined, and at the same term come in and offer a sufficient excuse, and the court thereupon order the fine to be struck out, but the clerk neglect to enter such order, the court will at the next term, on proper affidavits of the fact, order the fine to be struck out.

[Cited in Blagden v. Broadrup, Append. Fed. Cas.; U. S. v. Walsh, 22 Fed. 648.]

Smith had been summoned as a petit juror, at June term, 1802, and failing to attend, was fined eight dollars. At the same term he came in, and offering a sufficient excuse, his fine was ordered to be struck out; but the clerk omitted to enter it, by mistake.

These facts appearing now by affidavit, THE COURT at this term, June, 1803, ordered the fine to be struck out.

Same order in the case of Josiah Faxon. MARSHALL, Circuit Judge, absent.

## Case No. 16,325.

### UNITED STATES v. SMITH.

### [1 Cranch, C. C. 475.] [1]

Circuit Court, District of Columbia. Dec. Term, 1807.

LARCENY—LOGS IN FENCE.

Logs in a fence are not the subject of larceny, the fence being in law annexed to the freehold.

Indictment [against W. Smith] for stealing fence-logs, the property of John Orr, from a worm fence. The fence consisted of ten logs, two supporting a rider.

Mr. Morsell and Mr. Caldwell, for the defendant, contended that it was not larceny, but trespass. The fence is part of the freehold, and would have gone to tne heir, and

not to the executor. It could not be taken in execution. Orr was the tenant of W. Brent. Mr. Caldwell contended, the fence was the property of W. Brent (which Orr admitted in his testimony), and not of Orr.

THE COURT instructed the jury that it was a felony; but having doubts, said they would hear a motion for a new trial or in arrest of judgment, if a verdict of guilty should be found—which was found accordingly.

And on consideration, THE COURT (nem. con.) was of opinion that it was no felony; that the fence was to be considered as annexed to the freehold, and would descend with the land to the heir, and would not go to the executors.

Judgment arrested.

## Case No. 16,326.

### UNITED STATES v. SMITH.

### [2 Cranch, C. C. 111.] [1]

Circuit Court, District of Columbia. June Term, 1815.

FORGERY OF PROMISSORY NOTE—DEFECTIVE INDICTMENT—ACQUITTAL AND SECOND TRIAL.

1. A note of an unincorporated bank, "payable out of the joint funds thereof and no other," is a promissory note within the meaning of the Maryland statute of 1799, c. 75, § 1.

2. The note must be precisely and accurately set forth in the indictment.

3. If the defendant be acquitted upon a flaw in the indictment, he will be remanded for trial at the next term.

Indictment [against Bennet Smith] for forging a promissory note of the Farmers' & Mechanics' Bank (not incorporated).

Mr. Lear and Mr. Law, for prisoner, objected to the admission of the note in evidence, because it was "payable out of the joint funds thereof, and no other," and therefore not such a promissory note as was intended by the act of Maryland of 1799, c. 75, § 1, upon which the indictment was founded; it not being, as they said, a negotiable promissory note; and they said it was not a bank-note within the meaning of the Maryland act of 1793, c. 35, § 2; and therefore could not be given in evidence to support the averment that it purported to be a promissory note of the Farmers' & Mechanics' Bank.

But THE COURT (MORSELL, Circuit Judge, not sitting) overruled the objection.

The prisoner's counsel then objected that in setting forth the note in the indictment, the signature was written "W. Marbury," but the signature to the note was "Wm. Marbury," and for that variance the court refused to suffer the note to be given in evidence.

Verdict, "Not guilty." Prisoner remanded to be tried at the next term on a new indictment.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]