LINCOLN (BAILEY WASHING & WRINGING MACH. CO. v.). See Case No. 750.

LINCOLN v. The JULIA M. HALLOCK. See Case No. 7,579.

LINCOLN (LEE v.). See Case No. 8,195.

LINCOLN (PURCELL v.). See Case No. 11,471.

---

## Case No. 8,355.

### LINCOLN v. TOWER.

[2 McLean, 473.] [1]

Circuit Court, D. Illinois. June Term. 1841.

FOREIGN JUDGMENT — RECORD — JURISDICTION OF COURT RENDERING—PERSONAL SERVICE.

1. Judgments of the several states. under the constitution and laws of the United States, have the effect, as evidence. in all the states.

[Cited in Burnham v. Webster, Case No. 2,179.]
[Cited in Melhop v. Doane. 31 Iowa. 400.]

2. The record imports absolute verity and cannot be traversed. But when the record of a judgment is offered in evidence. the court called to act upon it must inquire whether the court rendering the judgment had jurisdiction. If it had no jurisdiction the judgment is a nullity.

[Cited in Tenney v. Townsend. Case No. 13,832: U. S. v. Walsh. 22 Fed. 648.]
[Followed in Babbitt v. Doe, 4 Ind. 359. Cited in brief in Warren v. Lusk, 16 Mo. 102; Stansbury v. Inglehart, 20 D. C. 136. Cited in Rape v. Heaton. 9 Wis. 306 (O. S. 333); Dunlap v. Cody, 31 Iowa. 260.]

3. A proceeding by attachment is a proceeding in rem. and cannot bind the defendant in personam. unless he appears to the action.

4. If a suit be commenced by attachment. and there is no personal appearance. the judgment beyond the jurisdiction and the property levied on will be of no validity.

5. No state can bind, by its judgment personally, a defendant who is not within its jurisdiction, and on whom no notice has been served.

[Cited in U. S. v. Walsh. 22 Fed. 648.]
[Cited in Melhop v. Doane. 31 Iowa. 402.]

6. Where it appears, from the record. that process was served on the defendant, or that he appeared in the suit, the fact cannot be denied by plea.

[Cited in Thompson v. Emmert. Case No. 13,953; Logansport Gaslight & Coke Co. v. Knowles. Id. 8,467.]
[Cited in Wilcox v. Kassick. 2 Mich. 170; Westcott v. Brown, 13 Ind. 85.]

---

1 [Reported by Hon. John McLean, Circuit Justice.]

7. The facts on the record necessary to give jurisdiction are material, and cannot be controverted.

[Cited in Sprague v. Litherberry. Case No. 13,251.]
[Cited in Wilcox v. Kassick. 2 Mich. 170.]

8. The judgment of the court on these facts, if it go beyond the power of the state, will be disregarded.

9. A plea may show in what manner, whether by personal service or by attachment. notice is given. as this does not contradict the record but limits its operation.

10. Every government can exercise jurisdiction over the persons and property within its limits. but not beyond them.

At law.

Mr. Lincoln, for plaintiff.

Messrs. Edwards and Hall, for defendant.

OPINION OF THE COURT. This is an action of debt brought on a judgment obtained in the state of Massachusetts. The first and second counts in the declaration are on the judgment, and two other counts are added on the consideration on which that judgment was obtained. To the first two pleas the defendant pleaded that he was not served with process in the suit in Massachusetts, and that he did not appear in the case. To the two other counts the defendant pleaded the recovery of the judgment in bar. The plaintiff demurred to the pleas, and for causes of demurrer assigned the following reasons:

First: The plea to the first and second counts does not show to the court but that the said defendant was served with notice in some one of the ways provided by the laws of Massachusetts for the service of process. Second: It does not appear from the plea that at the time of the service of the process in the plaintiff's suit, in his former action, the defendant was an inhabitant of the state of Massachusetts. Third: The said pleas to the first, second, third and fourth counts, are inconsistent and irreconcilable. Fourth: The plea to the third and fourth counts does not aver that said former recovery was by a court of competent jurisdiction. Fifth: In other respects the pleas are defective in substance.

There is a repugnancy between the plea to the first and second counts, and that to the third and fourth counts. The former denies, in effect, the validity of the judgment. and the latter sets up the judgment in bar. If the first plea should be sustained, the latter, as a consequence. must be overruled. For. if the process was not served and no valid judgment was entered, the original cause of action is open, and may be examined and recovered under the third and fourth counts. But if the first plea shall be overruled, on the ground that the Massachusetts judgment is valid, the second plea must be held good, should the plaintiff claim under the third and fourth counts. When matter of record forms the gist of the action and issue is joined upon nul tiel record, the record itself must

be brought into court, or an exemplification of it under the act of congress. In England, if nul tiel record be pleaded and it be a record of the same court, the record itself must be produced. 2 Archb. Pr. B. R. 38; Tidd, Prac. 801. On an issue of nul tiel record, of the record of a superior court, as if an action in the common pleas or record of the king's bench be put in issue, as the inferior court cannot send for the record of the superior, a certiorari must be sued out with the cursitor, directed to the chief justice of the king's bench, requiring him to certify the record of the court of chancery, and the record being thereupon accordingly certified, an exemplification of it under the great seal is thence sent by mittimus to the inferior court to be there used as evidence. 1 Archb. Pr. B. R. 139. A record of an inferior court, if directly put in issue, is proved by the tenor of the record, which may be obtained without the intervention of the court of chancery, and certified under a certiorari issued by the superior court. Tidd, Prac. 804. In cases where the record is not directly put in issue by nul tiel record, it may be proved by an exemplification, or by an examined copy. 2 Saund. Pl. & Ev. 755. Where a record of any of the superior courts is pleaded, it must be pleaded with a prout pater per recordum, and not with a profert; and, it seems, that oyer of it is not demandable. 1 Ld. Raym. 250; 1 Term R. 149; Com. Dig. tit. "Pleader," E 29; 5 Coke, 75a.

In the case of Westerwelt v. Lewis [Case No. 17,446], several of the points raised in this case were considered and decided. A reference was made in that case to the constitution of the United States and the act of congress, and to several decisions of the supreme court, which gave the same effect to a judgment within any state, in every other state of the Union, as it has in the state where it is rendered. Some of these points, being very important, will be considered more at large.

It is a well-settled principle that there can be no averment in pleading against the validity of a record, though there may be against its operation. 1 Chit. Pl. 320; 2 Saund. Pl. & Ev. 754. The plea of nul tiel record is proper either where there is no record, or where there is a variance in the statement of it. Com. Dig. tit. "Pleader," 2, W 13, and Id. tit. "Record," C. Now if it be essential to the validity of the judgment that the record should show the jurisdiction of the court over the person of the defendant, by a service of process, it may be doubted whether nul tiel record was not the proper plea to raise the question. If the judgment be a nullity without the service of process on the defendant, he may well say there is no such record; or which, in effect, is the same, there is no effective judgment against him. But if the record shows that process has been served, it would seem to be clear that the defendant cannot deny the fact. In this case

no profert was made of the record, and no oyer has been prayed, or, according to the rules of pleading, could be given to the defendant. He has pleaded generally that no process or notice was served on him, and that he did not enter his appearance.

As the object of the counsel is, on both sides, to present certain questions to the court for their decision, we will consider them as the counsel desire, without a special reference to the form of the pleadings. And first, as to the jurisdiction of the court of Massachusetts, by whom this judgment was rendered: This court are presumed to be acquainted with the local laws of the respective states, and we necessarily know that the judgment in question was given by a court of general jurisdiction. And it is insisted that this court are bound to presume jurisdiction in favor of judgments rendered by such court, whether the jurisdiction appears upon the face of the record or not. In Voorhees v. Bank of U. S., 10 Pet. [35 U. S.] 449, the court say, there is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done till the contrary appears. In Kentucky it has been held, that when the judgment or decree of a sister state is produced, the court will presume the tribunal rendering it possessed of competent jurisdiction and authority, and that it is binding on the parties. Scott v. Coleman, 5 Litt. [Ky.] 349, 350.

It is a universal principle in all courts that an order, decree or judgment of any court which has no jurisdiction of the matter is a nullity; and must be so treated when the record is offered in evidence, or used for any other purpose. Borden v. Fitch, 15 Johns. 121; Newdigate v. Davy, 1 Ld. Raym. 742. And in this respect there is no difference between a foreign judgment and the judgment of a sister state. The inquiry necessarily arises, had the court jurisdiction of the subject matter of the judgment? Rose v. Himely, 4 Cranch [8 U. S.] 241, 269; The Neueva Anna and Liebec, 6 Wheat. [19 U. S.] 193. In Obicini v. Bligh, 8 Bing. 335, suit was brought to recover damages awarded by the vice admiralty of the Island of Malta; and it was held that the decree, to be binding, must show that the defendant was brought within the jurisdiction of that court. There are presumptions which arise in favor of the jurisdiction, in a particular case, of a court which exercises general jurisdiction, that do not apply to courts of a special and limited jurisdiction. But it may be somewhat difficult to draw the line between these jurisdictions, as regards the present question, and especially in relation to foreign judgments, or the judgments of a neighboring state. Perhaps, in the one case, the character of the courts being determined, the jurisdiction will be presumed until the contrary be shown; and in the other, no such presumption arises, and the jurisdiction must be proved. Mills

v. Martin, 19 Johns. 33; Peacock v. Bell, 1 Saund. 73, 74; Kemp's Lessee v. Kenedy, 5 Cranch [9 U. S.] 173, [Case No. 7,686].

The extent to which the jurisdiction is exercised often becomes a question of great importance; and, in the argument, it has been raised in this case. In many of the states suits are commenced by a process of attachment, which, being levied on any article of property of even five or ten cents value, authorizes a judgment against the defendant to the full amount of the plaintiff's demand. On this judgment an execution may issue, and any property which the defendant may have within the jurisdiction of the court, may be levied on and sold in satisfaction of the judgment. This judgment, within the state, is binding on the defendant; and the question is, shall it be equally binding on him in any other state. That this question is not clear of difficulty may be admitted. In the case of Mills v. Duryee, 7 Cranch [11 U. S.] 481, the court held a record duly authenticated gives the same effect to the judgment as evidence, as is given to it in the state where it was rendered. That the only inquiry is, the effect of the judgment in such state. And to this import are the other decisions cited in the case of Westerwelt v. Lewis [supra]. Now if it be admitted that the judgment on the attachment be as conclusive against the defendant, in the state where it is rendered, as a judgment on personal notice, why should not the same effect be given to it in any other state. The constitution and act of congress refer to the effect of the judgment as evidence, and in no other respect. By the constitution congress have power, by "general laws, to prescribe the manner in which public acts of a state, its records and judicial proceedings, shall be proved, and the effect thereof." Not the effect of the authentication, as some courts have decided, but the effect of the public act, record and judicial proceedings. And by the act of 1790 [1 Stat. 122], congress provided the mode of authentication, and declared "that records and judicial proceedings so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the court of the state from whence the said records are or shall be taken." It will not be contended by any one, that the constitution or law enlarges the jurisdiction of the state court. The power to do this is not conferred on the federal government. If a state shall assume jurisdiction over the persons or property of individuals, not within the state, such a proceeding could be of no validity. It is true a state may prescribe certain penalties for acts done by its citizens beyond the limits of the state, and not within the organized jurisdiction of any other power; but such penalties cannot be enforced until the offenders shall come within the state.

When any court is called to receive as evidence the record of a judgment, foreign or domestic, its form and substance must necessarily be examined. Not, it is true, as a court of errors, but to see that it is what it purports to be, the record of a judgment. And if, upon the face of such record, a want of jurisdiction appears, it cannot be received as evidence. It does not bind the defendant, nor can it conclude his rights. The laws of every empire have force only within its own limits. And all persons who reside temporarily or permanently within a government, are subject to its laws. And these laws, on principles of comity, are respected and enforced in other states in cases originating under them, provided they do not conflict with the rights of such states or of their citizens. These are the axioms of Huberas, and they are maintained by Boullenois and Vattel. No judgment of a state can act on property beyond its limits. If the person or property of an individual be within a state, it is subject to its jurisdiction. But if the proceeding be against the property only, the binding effect of the proceeding is limited to the property. In 3 Atk. 589, Lord Hardwicke says, "he would not permit the plaintiff to avail himself of the law of any other country, to do what would be gross injustice." And in the case of Buchanan v. Rucker, 9 East, 192, 194, which was a judgment obtained in the Island of Tobago, by nailing up a copy of the declaration at the court house door, which, under the local law, amounted to a service on the defendant; Lord Ellenborough said, "Can the Island of Tobago pass a law to bind the rights of the whole world? Would the world submit to such an assumed jurisdiction? The law itself, fairly construed, does not warrant such an inference; for 'absent from the island' must be taken only to apply to persons who had been present there, and were subject to the jurisdiction of the court, out of which the process issued; and as nothing of that sort was in proof here to show that the defendant was subject to the jurisdiction at the time of commencing the suit, there is no foundation for raising an assumpsit in law upon the judgment so obtained." And this principle is sustained by American adjudications. Mills v. Duryee, 7 Cranch [11 U. S.] 481, 486; Piequet v. Swan [Case No. 11,134]; Borden v. Fitch, 15 Johns. 121. In Douglas v. Forrest, 4 Bing. 686, the court sustained its jurisdiction under the following circumstances: Hunter, who was the testator of Forrest, the defendant, being a native of Scotland, and owning heritable property there, contracted debts in 1799, and shortly afterwards left the country and went to India, where he died in 1817. In 1802 decrees for these debts were pronounced against him in the court of sessions. Of these proceedings Hunter had no notice, but the decrees stated that, according to the law of Scotland, he had been summoned at the market cross of Edinburgh, and at the pier and shore of Leith. These decrees adjudged

that the property of Hunter should belong to the creditors in satisfaction of the debts. But the defendant, at any time within forty years, had a right to dispute the merit of the decrees. By the death of Hunter these decrees, it seems, did not operate as a satisfaction of the debts, and the above action was commenced against the executor, founded on them, which was sustained by the court. In his opinion Chief Justice Best draws a distinction, in regard to such proceedings, between a person who owes allegiance to the country and one who does not owe it. That was a proceeding under the civil law, as adopted and modified by Scotland, and was somewhat analogous to the proceeding by attachment. The decrees, it seems, were enforced by a judgment in England. The doctrine in that case, so far as regards the enforcement of the decrees, independently of the lien on the property, would not be sanctioned in this country.

Mr. Justice Story, in his Conflict of Laws (461), remarks, treating on this subject, "Sometimes the arrest or attachment is purely nominal, as of a chip or case, or both. In other cases the arrest or attachment is bona fide of real or personal property within the territory, or of debts in the hands of debtors, of the nonresident, who live within the country. In such cases, for all the purposes of the suit, the existence of such property, within the territory, constitutes a just ground of proceeding to enforce the rights of the plaintiff, to the extent of subjecting such property to execution upon the decree or judgment. But it is to be treated to all intents and purposes, if the defendant has never appeared and contested the suit, as a mere proceeding in rem, and not personally binding on the party as a decree or judgment in personam. In other countries it is uniformly so treated, and considered as having no extra territorial force or obligation." Philps v. Halker, 1 Dall. [1 U. S.] 261; Pawling v. Bird's Ex'rs, 13 Johns. 192; Bissell v. Briggs, 9 Mass. 462. In the case of Bissell v. Briggs, Chief Justice Parsons says: "A debtor living in Massachusetts may have goods, effects, or credits, in New Hampshire, where the creditor lives. The creditor there may lawfully attach these, pursuant to the laws of that state, in the hands of the bailiff, factor, or garnishee, of his debtor; and, on recovering judgment, those goods, &c., may be sold in satisfaction of the judgment." But he held that such judgment, not being satisfied by a sale of the property, could give no foundation for an action in another state against the defendant, he having had no personal notice of the proceeding. And he further held, that if the defendant had appeared to the attachment, it could not have given the court of New Hampshire jurisdiction of his person. On this last point Judge Parsons was, probably, mistaken. The attachment is a mode by which to compel the appearance of the de-

fendant, and if he do appear and contests the validity of the claim, there seems to be no reason why he should not be bound, in personam, by the judgment. A person who enters within the limits of any country, is subject to its laws, and amenable to the ordinary process of its courts. We can entertain no doubt when a record of a judgment is offered in evidence, if a want of jurisdiction is shown, or appears upon the face of the proceeding, it must be held as wholly void. If the proceeding has been by attachment, and no personal notice has been given, and the defendant has not appeared, it does not bind the defendant. It is an ex parte proceeding, and beyond the property attached, and the local jurisdiction, the judgment establishes no right against him.

In the case under consideration the record states the fact, that notice was served on the defendant; and this he denies in his plea. Can the record in this respect be controverted? Now, if the plea had stated that the notice was given by an attachment of property, and in no other form, the question, perhaps, might have been raised, whether such a notice was binding beyond the property attached. Such a plea would not have contradicted the record, but would have shown what effect was to be given to it. In the case of Starbuck v. Murray, 5 Wend. 148, the court held that "any fact stated in the record, upon which jurisdiction depends, may be put in issue, and controverted with the same freedom as other facts to which the record has no relation." And Mr. Justice Marcy, in delivering the opinion of the court, very much to his own satisfaction, and, no doubt, to the satisfaction of the court, sustains the above doctrine.

In reference to the argument that the record imports absolute verity and can not be controverted, he says—"It appears to me that this proposition assumes the very fact to be established, which is the only question in issue." "For what purpose does the defendant question the jurisdiction of the court? Solely to show that its proceedings and judgments are void, and, therefore, the supposed record is not, in truth, a record." And he says that this "process of reasoning is, to his mind, little less than sophistry." "The plaintiffs, in effect, declare to the defendant—the paper declared on is a record, because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle. The appearance makes the record uncontrollable verity, and the record makes the appearance an unimpeachable fact." Now, with the greatest respect for this opinion, I am obliged to incur the imputation of reasoning in a circle, and of using what, to Mr. Justice Marcy's mind, is little less than sophistry. It must be admitted that the "proposition assumes the fact to be established." The fact is, that the defendant was served with process, or appeared to the action, and this the record asserts. And the plaintiff insists that

this being a fact which is matter of record, can not be denied by a plea. But this, says Justice Marcy, assumes the fact to be proved. Most certainly it does. The fact is proved by the highest evidence. It is not to be questioned in any court. Apply the same argument, as to the fact of judgment having been rendered. If this be shown by the record, can it be denied by a plea? And this, too, would assume the proposition to be proved. In the language of Mr. Justice Marcy it may, perhaps, be asked, for what purpose does the defendant question the fact of judgment? Solely to show the invalidity of the record. Now, the record, and the record only, can prove the rendition of the judgment, as it proves the appearance of the party. Of both these matters the court, before whom the proceedings were had, had judicial cognizance, and they are equally established by the record.

A defendant comes into court in his proper person and confesses judgment, or acknowledges the service of process, and this becomes matter of record. And yet it would seem, from the above opinion, the fact may be denied by a plea. If this may be done, it is difficult to say what part of a record may not be denied. Every thing of which the court must take judicial cognizance, and which is stated in the record under their judicial sanction, must be held to be absolutely true. If a clerical error has intervened in making up the judgment, or any other part of the record, application should be made to the court, before whom the proceedings were had, and they are authorized to correct it. But the doctrine that these matters, or the verity of a record, may be tried on an issue before the country seems to be new. Where the action is on a foreign judgment, in some of the states, the plea of nul tiel record may conclude to the country. But it is believed the truth of the material facts stated upon the record, has not heretofore been subjected to this ordeal. If effect be given to the constitution and the act of congress, in relation to this subject, the record must be taken as true, and can not be controverted. The appearance of the defendant is a material fact, and so is the service of process. It is admitted that the allegations in a record which were not material nor traversable, are not conclusive on the parties. But the record is conclusive of all matters in relation to the judgment which were material, and which might have been traversed. And these can not be contradicted. Berks & D. Turnpike Co. v. Hendel, 11 Serg. & R. 123; Leech v. Armitage, 2 Dall. [2 U. S.] 125; Green v. Ovington, 16 Johns. 58; Fields v. Gibbs [Case No. 4,766]; Com. v. Churchill, 5 Mass. 176, 182; Whiting v. Cochran, 9 Mass. 532. In Thompson v. Talmie, 2 Pet. [27 U. S.] 165, the court say: "The age of the heirs was, at all events, a matter of fact upon which the court was to judge; and the law no where requires the court to enter on record the evidence upon which they decided that fact. And how can we now say, but that the court had satisfactory evidence before it that one of the heirs was of age? If it was so stated in terms on the face of the proceedings, and even if the jurisdiction of the court depended upon that fact, it is by no means clear that it would be permitted to contradict it, on a direct proceeding to reverse any order or decree made by the court. But to permit that fact to be drawn in question, in this collateral way, is certainly not warranted by any principle of law." In the case of Rose v. Himely, 4 Cranch [8 U. S.] 241, the court remark: "Where a claim to property is set up in one court, founded on a sentence of another tribunal, the court in which the claim is preferred, must, of necessity, examine the powers of the others in order to decide whether its sentence has charged the right of property. The power under which it acts must be looked into, and its authority to decide questions which it professes to decide must be considered." And, also, the court of a foreign nation must judge of its own jurisdiction, so far as depends on municipal rules, and its decision must be respected; but if it exercises a jurisdiction, which, according to the laws of nations, its sovereign could not confer, however available its sentences may be within the dominions of the prince from whom the authority is derived, they are not regarded by foreign courts. This illustrates the question under consideration, though the remarks were made of a maritime court.

Upon the whole we can entertain no doubt that when the judgment of a neighboring state is offered in evidence, the inquiry must be made, whether the court had jurisdiction over the parties and the subject matter. Not that any error in this collateral manner could be considered, but the rights of the defendant can not be concluded, unless he was properly before the tribunal. And of this the court, which shall be called to give effect to the judgment, must judge. But we think that the facts material to the case, and which appear in the record, can not be controverted. If, from these facts, it appears that the court had no jurisdiction over the person of the defendant, the judgment will be disregarded. And we see no objection to pleading such facts as go to restrain the effect of the judgment, but do not contradict, in a material part, the record. Of this character, as before remarked, would be a plea showing that the notice could only affect the property of the defendant and not his personal liability. Without deciding whether the want of notice could not be shown under the plea of nul tiel record, it is enough to say that in no form of pleading can the defendant deny the service of process, or his appearance, which, in the present case, is matter of record. We think the allegation in the declaration a most material one, as it lies at the foundation of the jurisdiction of the court.

It was clearly unnecessary for the defend-

ant, in his plea, to allege, as supposed in the second cause of demurrer assigned, that the defendant was an inhabitant of Massachusetts at the time the process was served. It was enough that the process appears to have been served on him within the state. The pleas are, as stated in the third cause, inconsistent. And as regards the fourth cause of the demurrer, that the plea which sets up the recovery of the judgment, in bar, does not show it was before a court of competent jurisdiction; the title of the court was given in the plea, and the court officially know, from the laws of Massachusetts, that it was a court of competent jurisdiction. A plea need not state matters of law. The fifth cause is formal and general. We think the judgment is conclusive and final against the defendant, the court in Massachusetts having had jurisdiction in the case.