## Case No. 13,953.

### THOMPSON v. EMMERT.

[4 McLean, 96.] [1]

Circuit Court, D. Illinois. June Term, 1846.

RECORDS — FACTS STATED THEREIN — DENIAL BY PLEA—APPEARANCE—VOID JUDGMENT—JUDGMENT ON ATTACHMENT—ACTION UPON.

1. Where from the record it appears that the defendant appeared in the action, that fact can not be denied by plea or otherwise.

[Cited in U. S. v. Walsh, 22 Fed. 648.]

2. As well might there be a denial of a judgment.

3. But where from the record it does appear that there was no personal service on the defendant, who entered no appearance, the judgment is a nullity.

[Cited in brief in Barney v. White, 46 Mo. 138.]

4. To such a record the plea of nul tiel record is proper.

5. A judgment on an attachment being a proceeding in rem, is no ground for an action out of the state.

[Cited in Gibbs v. Queen Ins. Co., 63 N. Y. 128.]

[This was an action by William R. Thompson against David Emmert.]

Mr. Logan, for plaintiff.
Mr. Campbell, for defendant.

OPINION OF THE COURT. This suit is brought on the record of a judgment rendered in the district court of Allegheny county, state of Pennsylvania. The defendant pleaded nul tiel record; and also that process was not served on the defendant. A motion is made by the plaintiff's counsel, that the defendant shall be required to make his election of one of the two pleas filed, on which he will rely for his defense. This court held, in Lincoln v. Tower [Case No. 8,355], that where it appeared from the record the defendant had personally appeared, the fact could not be controverted by a plea. That it was a fact verified by the record, and under the act of congress, could not be contradicted by plea or otherwise, any more than the judgment itself. A reference is made to that case, where the principles which apply to this case, were discussed. But the record of the judgment of Pennsylvania, on which this proceeding is founded, does not show that there was an appearance to the suit by Emmert. A foreign attachment was issued against him, as a non-resident, and against others who were named as residents, on one of whom the attachment was served. Several persons were served as garnishees of Emmert. An alias and a pluries writ of attachment were issued. A judgment was entered against Emmert "for want of an appearance and plea," for the sum of four thousand five hundred thirty-eight dollars

and thirty-two cents. On the 6th of March, 1841, there was a rule to show cause, on Saturday next, why the judgment and proceedings should not be set aside. This motion was afterward withdrawn, and on the 8th of December, 1841, rule was granted to show cause why judgment should not be set aside. On the 8th December, 1842, leave was given to the plaintiff to amend his declaration, which was objected to. And then follows the entry, "that the judgment entered on record against Emmert is set aside as irregular; and now, to wit, December 8th, 1842, judgment against defendants, for want of an affidavit of defense;" and on the 5th of February, 1842, on argument the court set aside the judgment, if any there be against these, who were summoned as garnishees only. The liquidated sum is stated to be five thousand one hundred fifty-eight dollars and ninety-four cents. On the 9th of July, 1839, the record states an execution was issued against Emmert, not including the other defendants, which was returned nulla bona; and then an entry, this was under the judgment first entered, which was afterward set aside; and that a sci. fa. issued against garnishees, to July term, 1839; and that they all answered and showed that there were no effects of Emmert's in their hands, and that they were not indebted to him. From an inspection of the record, it no where appears that Emmert was personally served with process, or that his property was attached. The record is extremely irregular, and how a judgment could have been entered against Emmert, is not easily perceived. If the property of Emmert had been attached, the rule is well settled, that a judgment entered against him on such a process, he not having had personal notice of the suit, nor entered his appearance, can have no effect, out of Pennsylvania, against the defendant. It is considered a proceeding in rem, and out of the state can not affect the rights of the defendant beyond the property attached. In Pennsylvania, as in Ohio, such a judgment may be good against all the property of the defendant in the state. This, perhaps, may be within the power of the state; the property within its jurisdiction may be made subject to the payment of debts in the mode which the law-making power may deem just. But such a law can have no extra territorial effect; nor can a judgment entered on an attachment be considered in another state, as of any validity to charge the defendant.

We are inclined to think that under the plea of nul tiel record, the record must be rejected, if upon its face it appears no notice was served on the person against whom the judgment was entered. If the proceedings were void for a want of this notice, then is there no valid record upon which a recovery can be had, and, consequently, there is no such record as the plaintiff has set out in his declaration. The plea of nul tiel record is

[1] [Reported by Hon. John McLean, Circuit Justice.]

sustained, and as there is no other ground on which the action can be sustained, a nonsuit is the consequence.