Nov. Term,
1859.

WESTCOTT
v.
BROWN.

| 13 | 83 |
| 159 | 17 |
| 159 | 21 |

WESTCOTT *v.* BROWN.

Where a general denial is pleaded, a further answer of *nul tiel record* is surplusage, bad on demurrer, and may be rejected on motion.

If, in a suit founded upon a transcript of a judgment of a Court of general jurisdiction of a foreign state, the record, properly authenticated and filed as a part of the complaint, alleges personal service of process upon the defendant, he will not be permitted to controvert the allegation in his answer.

APPEAL from the *Dearborn* Court of Common Pleas.

*Monday,
November 28.*

DAVISON, J.—*Brown* sued *Westcott* upon a judgment of the Superior Court of *Cincinnati, Ohio.* A transcript of the record, duly authenticated, was filed with the complaint, whereby it appears that the suit in which the judgment sued on was rendered, was commenced in said Superior Court, *October* 27, 1857, by filing a petition, and causing a summons to issue against the then defendant, *Westcott,* which summons was placed in the hands of a sheriff, and by him, on the 27th of *October,* in the same year, served on the defendant, personally. The transcript contains a copy of the summons, and the sheriff's return thereon, and shows that at the *December* term, 1857, of said Superior Court, the defendant having failed to appear, answer, or demur to the petition, judgment was, at that term, duly rendered against him, &c.

To the complaint in the present case, the defendant answered—

1. By a general denial.

2. That there is no such record of any such supposed recovery of *John H. Brown* against *Thomas Westcott,* in the Superior Court of *Cincinnati,* as the plaintiff in his complaint has alleged, and this he prays may be inquired of by the record.

3. That the supposed judgment was rendered without any notice to defendant of the pendency of the action wherein the same was rendered, and no process in said action was ever served upon him, nor did he ever appear, or authorize any one to appear for him, to said action, nor did he reside in the state of *Ohio,* at the time said action was

brought, nor has he ever since resided therein; but he did then reside, and ever since has resided and been, in the state of *Indiana.*

Demurrer to the first, second, and third paragraphs of the answer, which, as to the first, was overruled, but as to the second and third, sustained. And thereupon the defendant withdrew the first paragraph, and refused to make further answer. And the Court having assessed the plaintiff's damages, rendered final judgment, &c.

As we have seen, the second paragraph of the answer is, in form, a plea of *nul tiel record,* as used under the old system of procedure. Under that system it was the proper general issue, in suits instituted upon records, where the purpose was to contest the existence of the record sued on.

The code now in force, points out no such distinctive plea, but in lieu of the general issue, as it stood at common law, simply authorizes a general or special denial. Here, the defense in question controverts the entire cause of action, and, therefore, amounts to a full denial of the complaint; and if, as such denial, it stood alone, it might be sustained. But, in this instance, it is not well pleaded; because the defendant, in his first paragraph, having, in the proper mode, pleaded the general denial, cannot be allowed, in another paragraph, to plead that which is, in effect, the same defense.

As a rule of practice anterior to the code, it was held that "a plea which amounts to the general issue, is bad, when pleaded with the general issue, and may be stricken out on motion" (8 Blackf. 256); and there seems to be no reason why the same rule should not be applied under the system of practice now in use. In this case, it is true, a motion to set aside the pleading was not adopted; but the proper result having been attained by demurrer, we are not inclined to adjudge the decision erroneous. *The Indianapolis, &c., Railroad Co.* v. *Taffe,* 11 Ind. R. 456.

The next question to settle, is—Was the demurrer to the third defense correctly sustained? The record upon which the suit is founded, with its authentication, was filed with the complaint, and constitutes a part of that

pleading.  2 R. S. p. 44, § 78.—9 Ind. R. 288.  And it avers affirmatively, that process in the action in which the judgment was rendered, was served, personally, on the de- fendant.  But the averment thus made, is directly contro- verted by the defense.  Hence the inquiry arises, can that be done?

By the constitution of the *United States*, it is declared that "full faith and credit shall be given in each state, to the public acts, records, and judicial proceedings of every other state," and Congress is authorized, by general laws, to prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.  In pur- suance of this authority, Congress, by act of *May*, 1790, after providing for the mode of proof, has declared that "the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every Court within the *United States*, as they have, by law or usage, in the Courts of the state from whence the said records are or shall be taken."  Under these provisions, it has been often decided, and is now settled, that "If a judgment *in personam* is conclusive in the Courts of the state where rendered, it has the same conclusive effect when sued on in the Courts of a different state."  2 Phil. Ev., 4th Am. ed., 187, 188, and cases there cited.  But this, it has been said, "does not prevent an inquiry into the juris- diction of the Court in which the judgment was rendered, to pronounce judgment, nor an inquiry into the right of the state to exercise authority over the cause of the par- ties."  2 Story's Comm. on the Const., § 1307.

There is, however, a class of cases in which it has been decided that such an inquiry will not be allowed.  Thus, "where the record of a Court of general jurisdiction, on its face, shows that the defendant was personally served with process, or personally appeared to the action; because then, the record is, in that respect, conclusive, and he is estopped from denying the jurisdiction of the Court over his person."  *Hall* v. *Williams*, 6 Pick. 232.—*Shumway* v. *Stillman*, 6 Wend. 447.—*Rust* v. *Frothingham*, 1 Breese (Ill. R.), 258.—*Welch* v. *Sykes*, 3 Gilm. 197.—*Lincoln* v. *Tower*,

2 McLean, 473.— *Westerwelt* v. *Lewis, id.* 511.—*Newcomb* v. *Peck,* 17 Verm. R. 302.—*Roberts* v. *Caldwell,* 2 Dana, 512. These cases also decide, that if the record fails to show such service or such appearance, it furnishes, at most, but *prima facie* proof of the jurisdiction of the Court, and its authority to render the judgment; and the defendant may avoid the effect of the judgment when sued on, by showing that he was not within the jurisdiction of the Court by which it was rendered. In the case at bar, as has been seen, the record shows personal service of process on the defendant; and the authorities to which we have referred being a correct enunciation of the law, and we think they are, the third defense cannot be sustained, because it directly contradicts a material averment in the record.

In argument, the appellant refers to *Boylan* v. *Whitney,* 3 Ind. R. 140, which was debt upon a judgment rendered in the Supreme Court of *New York.* The defendant pleaded, *inter alia,* that he had not been served with process; that he had no personal notice of the pendency of the suit; and that he did not appear or authorize an attorney to appear to said action on his behalf. The record, when produced, showed affirmatively, that the defendant did appear by his attorney, &c. But he was allowed to show, *dehors* the record, that the attorney who undertook to appear for him, had no authority to do so. This decision is not precisely in point. The record did not aver that the defendant was personally served with process, or that he personally appeared to the action. The averment that defendant appeared by attorney, may be conclusive proof that the attorney appeared for him. Still, it is only *prima facie* evidence that the attorney was authorized to make such appearance. The latter fact, the defendant is at full liberty to disprove; and, it seems to us, that such proof does not, in any degree, controvert any fact alleged in the record. See *Welch* v. *Sykes, supra.*

In our opinion, the record before us is conclusive that the defendant was personally served with process, and that he is, therefore, estopped from denying the jurisdiction of the Court over his person.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

P. L. *Spooner*, for the appellant.

T. and C. *Gazlay*, for the appellee.