## UNITED STATES *v.* WALSH.

*(Circuit Court, D. Massachusetts.   December 11, 1884.)*

1. PERJURY — INDICTMENT — DECLARATION OF INTENTION TO BECOME A CITIZEN OF UNITED STATES—REV. ST. § 5395.
   An indictment for perjury alleged to have been committed by the respondent in his declaration of intention to become a citizen of the United States, under Rev. St. § 5395, need not set forth the declaration.

2. SAME—CONSTRUCTION OF REV. ST. § 5396.
   Section 5396 of the Revised Statutes does not require that when the false swearing is to a written instrument, it should be so stated, or that, when the court before whom the perjury was committed was properly, distinctly, and correctly set forth, the person holding the court should be named.   The word "and" in section 5396 should be construed "or."

3. SAME—OATH—BY WHOM ADMINISTERED.
   Where the indictment distinctly states that the application of responaent to become a citizen was before "the district court of the said United States then and there holden for the said district of Massachusetts," and that the said respondent "did then and there, in the said matter and proceeding, knowingly swear falsely and make oath before *said court,*" it is a sufficient designation of the court, and a distinct averment that the oath was made before it.

4. SAME—FORM OF OATH.
   Section 5396 of the Revised Statutes does not require the indictment to show what oath was taken, but "the substance of the offense charged," "with proper averments to falsify the matter wherein the perjury is assigned."

5. ALIENS—NATURALIZATION—DECLARATION OF INTENTION TO BECOME A CITIZEN OF UNITED STATES.
   The declaration of intention of an alien to become a citizen of the United States, required by Rev. St. § 2167, must be under oath.

6. PERJURY—RECORD EVIDENCE.
   When the indictment alleges the perjury to have been committed by the respondent in his application for naturalization, the record of the court before which the application was made, by him signed and sworn to, is the best and only evidence that can be produced.

7. SAME—EVIDENCE OF CLERK TO CONTRADICT RECORD.
   The clerk of the court cannot be permitted to testify that the record was false.

8. SAME—RECORD SHOWING JURISDICTION.
   It is immaterial that the record does not show the facts necessary to give the district court jurisdiction in naturalization proceedings, as its jurisdiction does not depend upon the facts stated, but is derived from the statutes of the United States.

9. SAME—INSTRUCTION AS TO VERDICT.
   It is not the practice in federal courts to instruct the jury to bring in a specific verdict, but to instruct the jury upon the law and the competency of the evidence, and leave it to them to find the verdict accordingly.

10. SAME—CONVICTION—EVIDENCE.
    As the court committed no error in not directing a verdict of not guilty on the second count, and the evidence was sufficient to convict respondent, judgment should be entered on the verdict.

Motion for New Trial and Arrest of Judgment.

*Charles Almy,* Asst. Dist. Atty., for the United States.

*Prentiss Cummings,* for defendant.

CLARK, J.   Indictment for perjury, alleged to have been committed by the respondent in his declaration of intention to become a citizen of the United States, under section 5395, Rev. St.   The indictment

contained two counts. The first count set forth the facts, with the necessary averments to constitute the offense, without setting out the application or affidavit of intention in which it was supposed to have been committed. The second count set forth the declaration of intention, but so imperfectly or erroneously that there was a variance between the count and the proof, which the court adjudged fatal. The respondent's counsel then objected that the first count was not sufficient, and that no conviction could legally be had under it, because the application or declaration of intention to become a citizen was not specifically set forth in the count. The court overruled the objection, and allowed the trial to proceed. The respondent was found guilty. The respondent moved for a new trial and in arrest of judgment for reasons which will appear.

1. Because the first count in the indictment did not set forth the declaration of the respondent to become a citizen of the United States, and so was not sufficiently specific or certain. This objection must be overruled. Section 5396 of the Revised Statutes of the United States expressly provides "that it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is assigned, *without setting forth the bill, answer,*" etc. This section of the Revised Statutes was evidently founded upon or copied from the statute 23 Geo. II. *c.* 11, § 1, as parts of it—the material parts—are in the same words. See 1 St. at Large, 116. A recurrence to the preamble of that statute will show the reason of it: "Whereas," it recites, "by reason of difficulties attending prosecutions for perjury and subornation of perjury, those heinous crimes have gone unpunished, whereby wicked and evil-disposed persons are daily more and more emboldened to commit the same,   *   *   *." For remedy whereof, be it enacted, etc., "that it shall be sufficient to set forth the substance of the offense, etc., without setting forth the bill, answer, etc., just as is provided in section 5396 of the Revised Statutes." Archb. Pl. & Ev. 534.

Now the statute of Geo. II. *c.* 11, was enacted and copied into the Revised Statutes to meet, among others, just such a case as was presented in this trial. The second count of the indictment set out the writing or declaration in which the perjury was alleged to have been committed. It set the declaration out incorrectly,—a trifling mistake,—and when the proof was offered there was found to be a variance between the count and proof, so that it could not be admitted. Now, if this had been the only count in the indictment, the respondent must have been acquitted on account of a clerical error. And had it not been for this section 5396, there could probably have been no conviction under the first count. I find no such exception as is claimed by the respondent's counsel, that, when the affidavit is

the *substance* of the offense, it must still be set out, either in the statute of Geo. II., the act of 1790, (vol. 1, p. 116,) or in section 5396 of the Revised Statutes. Nor does such section 5396 require that when the false swearing was to a written instrument, it should be so stated, or that when the court before whom the perjury was committed was properly and distinctly and correctly "set forth," the person holding the court should be named. An examination of the statute of 1790 (1 St. at Large, 116) shows that the word "and" in section 5396 should be construed "or."

It is distinctly stated in the indictment that the application of the respondent to become a citizen was before "the district court of the said United States, then and there holden at said Boston, within and for the said district of Massachusetts;" and that "the said Walsh did then and there, in the said matter and proceeding, knowingly swear falsely and make oath before *said court.*" This is a sufficient designation of the court, and a distinct averment that the oath was made before it. The section of the statutes above referred to (5396) does not require the indictment to show what oath was taken, but "the substance of the offense charged," "with proper averments to falsify the matter wherein the perjury is assigned."

2. The respondent claims a new trial because, he says, "the petition," meaning evidently his declaration, was not required by law to be sworn to. But in this he is very clearly mistaken. Section 2165, Rev. St., provides that an alien, to be naturalized, shall declare, *on oath*, "that it was his *bona fide* intention to become a citizen," two years at least prior to his admission. Section 2167 provides that an alien, under the age of 21 years, who has resided in the United States three years next preceding his arriving at that age, * * * may be admitted a citizen of the United States without having made the declaration required in section 2165, but shall make the declaration required therein, *that is, a declaration under oath*, at the time of his admission. Now it is very clear that if the declaration required by the first paragraph of section 2165 was to be under oath, so must be the declaration required under section 2167.

3. It is objected that the court erred in ruling, *in effect*, that the allegation in the indictment that there was a proceeding pending in the district court in regard to the naturalization was immaterial; and it is contended that there was no such proceeding. But this contention cannot avail the respondent, for, whether the allegation was material or immaterial, the proof showed there was such a proceeding, and the oath taken by the respondent in said court was a part of such proceeding. The clerk of the district court produced upon the trial a volume of the records of said court, containing a record of the declaration of the respondent for naturalization, with a further record, as a part of it, that it was "sworn to by said petitioner before the said court."

The counsel of the respondent objected to the admission of the rec-

ord, but the court overruled the objection and admitted it. The counsel then offered to show, on cross-examination of the clerk who made the record, that the record was false; that the district court was not in session at the time (March 3, 1883) the oath was taken before the court as recorded; that the oath was not taken before said court, but before him in his office; and that the proceedings for naturalization were before him. The court rejected the testimony proposed, though there was no evidence before the court that the clerk would have testified as indicated by the respondent's counsel. These rulings of the court, we think, were correct. No objection was made to the manner of proof of the record, whether by the production of the original record itself, or by a properly authenticated copy, but the objection was to the admission of the record in any form. The indictment alleged the perjury to have been committed by the respondent in his application for naturalization, and it was necessary to show what that application was,—what it contained; and the record of it in the court where it was made, by him signed, and by him sworn to, was not only evidence, but the best evidence that could be had. The admission of it was so manifestly correct that it hardly needs discussion. See 1 Greenl. Ev. § 512, p. 566; Roscoe, Crim. Ev. 200, 202, 812; 1 Leach, 50; 2 Burr. 1189; *Rex* v. *Benson*, 2 Camp. 508.

The other objection—that is, whether the clerk of the court should not have been permitted to testify, if he could do so, that the record was false; that the application was not to or before the court, but before him in his office; and that, in fact, the court was not in session at the time—is one of more difficulty, and deserving grave consideration. It has been held that the jurat is not conclusive as to the place where taken. *King* v. *Emden*, 9 East, 437. But this, on the ground that it was not necessary to set out the jurat in the indictment. Section 5396 of the Revised Statutes requires that the indictment for perjury should state by what court and before whom the oath was taken, averring such court or person to have competent authority to administer the same, and proof must be given at the trial to show those statements and averments to be true, as laid. So, if the indictment, as in this case, describes the occasion or proceeding in which the oath was taken, proof must be given of the occasion, or proceeding, as laid. Roscoe, 810, 811. The indictment in this case followed the requirements of the statute, and also stated the occasion of taking the oath alleged to be false, and as proof offered the record of the court before whom the proceedings were had, and the oath taken, which was admitted. To meet this proof by the record, the respondent offered to contradict and impeach the record, by the clerk; that the oath was not taken before the court, as he had made up the record, nor was the court in session at the time of taking the oath; but that the oath was taken before him, in his office, when the court was not in session. The rejection of this testimony we think was right. It can hardly be tolerated that a clerk of a court, after he has made up his

record, should come into court and contradict or impeach his record by saying it was false when he made it. This is what the respondent's counsel proposed should be done in this case, and if the clerk had offered so to do, the court should not have permitted it. Public policy, permanence of public and private rights, the security of property, confidence in the administration of justice, the termination of controversies, the repose of society, all alike forbid it.

It has. been held that no court can reverse or ·annul its own final decree or judgment, for error of fact or law, after the term at which it was rendered, unless for a clerical mistake, or to· reinstate a cause dismissed by mistake. *Sibbald* v. *U. S.* 12 Pet. 488; *Medford* v. *Dorsey*, 2 Wash. C. C. 433; *Brush* v. *Robbins*, 3 McLean, 486; *Wood* v. *Luse*, 4 McLean, 254; *U. S.* v. *Smith*, 1 Cranch, C. C. 127; *Bronson* v. *Schulten*, and cases cited, 104 U. S. 410–415. From which it follows, says Mr. Justice BALDWIN, in *Sibbald* v. *U. S.*, above cited, that "no change or modification can be made which may substantially vary or affect it in any material thing. If the court cannot annul or alter its record, surely the clerk cannot; and if he cannot do so, he should not be permitted to testify in court that it was wrong or false, and thus practically annul it.

It was held in *Otey* v. *Rogers*, 4 Ired. Law, 534, that when the records are made up no power but the court itself can touch them to alter them. In *Den* v. *Downam*, 1 J. S. Green, 135, it was held that it was not competent to prove by the clerk of a court that the judgment was not signed upon the record in the book of judgments until after the commencement of the action. So, in *Wade* v. *Odeneal*, that the records of a court cannot be explained by parol testimony. 3 Dev. (N. C.) Law, 423. In *Barnes* v. *Lee*, 1 Cranch, C. C. 430, it was held that after a record is once made up, the clerk has no power to alter it, unless by order of the court.

When a judgment is used as evidence its regularity cannot be inquired into. *Piatt* v. *Oliver*, 2 McLean, 268; *Lincoln* v. *Tower*, Id. 473. A defendant in an action on a judgment of another state may plead that the suit was commenced by attachment, without personal service. *Lincoln* v. *Tower*, 2 McLean, 473; *Westervelt* v. *Lewis*, Id. 511. But if the record shows that process was served, or that there was an appearance, the fact cannot be controverted. *Thompson* v. *Emmert*, 4 McLean, 96.

In this case the record shows the oath was taken before the district court, and it would seem, for like reasons, that fact cannot be controverted nor can the clerk be permitted to impeach it. There are many authorities that a record or judgment cannot be attacked collaterally; but it is not necessary to cite them here. If the record is wrong, it can only be corrected by a proceeding for that purpose. It was objected at the trial that the court erred in ruling that it was immaterial that the record did not show the facts necessary to give the district court jurisdiction in naturalization proceedings. But the ruling

was correct. The jurisdiction of the district court, in matters of naturalization, does not depend upon facts stated, but is derived from the statutes of the United States. Whether the court will grant naturalization papers in a given case depends upon the facts; but it has jurisdiction over the matter even if the facts be insufficient for a favorable result to the application. Nor did the court err in not directing a verdict of not guilty on the second count, as requested by the respondent's counsel.

It is not the practice in the federal courts, ordinarily, to instruct the jury to bring in a specific verdict; but the court will instruct the jury upon the law and the competency of the evidence, and leave it to the jury to find the verdict accordingly. In this case there were two counts in the indictment. Under the second count no evidence was given, because of a variance between the count and the evidence offered, and the jury were instructed that they could not find the respondent guilty on that count. It cannot be presumed that they did so. The position of the government was that the respondent did not arrive in this country until 1879, and that he was not then a minor. The respondent contended that he arrived in 1869, and was then a minor. To establish the position of the government the prosecution called witnesses who testified that they first knew the respondent in 1879, in November; that he was employed in a mill with them; and three or more of them also testified that when he sought employment at that time he, and a friend with him, in his presence, said he was just from the "old country." The court instructed the jury that, in determining the weight to be given to this testimony, they might consider that the respondent had offered no evidence to show where he was before 1879, or between 1869 and 1879. This instruction was right. It was a matter peculiarly within his knowledge, and, failing to show it, it was competent for the jury to infer that the testimony of the witnesses was true, and that he came to this country in 1879, or that he was just then "from the old country." We think, upon the whole case, there was sufficient evidence to convict the respondent, and that there should be judgment on the verdict.